

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
03/17/2011

| | | |
|---|---|---|
| IN RE: § | | |
| ROBERT WAYNE HARVEY; dba RNS § | Case No. 10-10242 | |
| SOUND & VISION; dba RNS § | | |
| TECHNOLOGIES, INC., § | | |
|     Debtor(s). § | | |
| § | Chapter 11 | |
| § | | |
| ROBERT WAYNE HARVEY, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 10-01011 | |
| § | | |
| UNITED HEARING SERVICES § | | |
| CORPORATION, *et al*, § | | |
|     Defendant(s). § | Judge Isgur | |

### MEMORANDUM OPINION

Frank Miller and United Hearing Services Corporation ("UHS"), Defendants in this adversary proceeding, have requested a jury trial. The Defendants have timely asserted their right to a jury trial on some of their counterclaims. The Court exercises its discretion and grants a jury trial under Rule 39(b) as to any of Harvey's claims for which a jury might have been demanded. In addition, the Court orders a jury trial under Rule 39(c) as to all other issues. If the parties do not consent to have the other issues tried by a jury, the jury will serve as an advisory jury under Rule 39(c)(1). Further, unless all parties consent within 15 days to have the entire case tried by jury in the Bankruptcy Court, the Court will recommend that the District Court withdraw the reference.

### Background

Robert Harvey sued Miller and UHS on December 23, 2010. ECF No. 1. Harvey had filed bankruptcy on April 1, 2010, and he filed this lawsuit in the Bankruptcy Court as an

adversary proceeding. Harvey is an owner of UHS, and he sued both Miller and UHS for their alleged failure to pay Harvey distributions from UHS's profits. Additionally, Harvey sued Miller for:

- tortious interference with Harvey's business relationship with Rite-Way Pediatric Therapy, L.L.C.;
- Miller's alleged breach of fiduciary duty as a member of Rite-Way's board of directors;
- fraudulently misappropriating money from UHS;
- breach of fiduciary duty as a member of UHS's board of directors;
- breach of the duty of loyalty to UHS; and
- conversion of equipment allegedly owned by Harvey.

When the adversary proceeding was commenced, Miller did not have an attorney. Acting pro se, Miller filed the Defendants' Original Answer on July 22, 2010. ECF No. 7. The Original Answer did not include a jury demand. Fifteen days later, on August 6, 2010, the Defendants—now represented by counsel—filed their First Amended Answer. ECF No. 11. The First Amended Answer included a jury demand. First Am. Answer ¶ 7, ECF No. 11, at 5.

At a hearing on September 20, 2010, the Court ordered briefing on whether the Defendants were entitled to a jury trial. No parties filed briefs by the October 25, 2010 deadline. On December 20, 2010, the Court issued an order that the parties file pleadings, not later than January 7, 2011, showing cause why the adversary proceeding should not be dismissed for want of prosecution. ECF No. 22. The order required any party opposing dismissal to attach their brief on the jury demand issue. ECF No. 22.

Harvey filed his response on December 23, 2010, ECF No. 24, and attached a brief, ECF No. 24-1. The Defendants responded on December 27, 2010, ECF No. 25, and also submitted a

brief, ECF No. 26-3. Harvey's response asserts that the Defendants did not submit the jury demand in writing and questions the Bankruptcy Court's jurisdiction over a jury trial. The Defendants' response admits that the jury demand was not timely, but argues that the Court may still grant a jury trial under Fed. R. Civ. P. 39(b).

## Analysis

Under Fed. R. Civ. P. 38, applicable through Fed. R. Bankr. P. 9015(a), a party has a right to a jury trial on any issue that falls within the ambit of the Seventh Amendment jury right. The Seventh Amendment jury right attaches to actions in which legal rights—as opposed to equitable rights—will be adjudicated. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). The analysis of whether an action is legal or equitable requires two steps: (1) a comparison of the "statutory action to the 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) a determination of whether the remedy sought is "legal or equitable in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)).

The jury right attaches to at least some of Harvey's claims and the Defendants' counterclaims. Harvey asserts claims for failure to pay corporate distributions, tortious interference with business relationship, fraudulent misappropriation, breach of fiduciary duty, and conversion. Although many of these claims are equitable and not subject to a jury right, a jury right attaches to some, including the tortious interference and conversion claims. *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (listing conversion as "unmistakably" an action at law triable to a jury); *In re Jensen*, 946 F.2d 369, 373 (5th Cir. 1991) (recognizing a jury right when the plaintiffs asserted a tortious interference claim and sought money damages) (overruled on other grounds).

The Defendants assert four counterclaims: breach of contract, quantum meruit, tortious interference with an existing contract and business relations, and non-payment of rent. They seek money damages and legal fees. The jury right also attaches to the factual issues involved in at least some of these counterclaims. *See Terry*, 494 U.S. at 569-70 (noting that breach of contract is a legal issue); *Jensen*, 946 F.2d at 373. The Defendants' breach of contract claim asserts that Harvey breached the corporate agreement by taking excess distributions, and the claim thus involves the same factual core as most of Harvey's claims against the Defendants.

In order to exercise the jury right, the party must serve a written jury demand on the other parties "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). If a party does not serve a written jury demand within the time limits, the absolute right to a jury trial is waived. *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991).

The last pleading directed to the issue of Harvey's claims was the Defendants' Original Answer, ECF No. 7. *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995). The First Amended Answer was filed 15 days after the Original Answer, one day after the deadline under Rule 38(b). The jury demand in the First Amended Answer was therefore untimely.

The Defendants first pleaded their counterclaims in the First Amended Answer, ECF No. 11, where they also included the jury demand. The Defendants therefore timely demanded a jury as to any of the counterclaims to which a jury right attaches. *See Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984) ("An amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b).").

The Defendants therefore have a right to a jury for the counterclaims, but waived their absolute right to a jury on Harvey's claims. However, even when the jury right is waived, a court has discretion to grant a jury trial under Rule 39(b). "[N]otwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right [under Rule 38], the court in its discretion upon motion may order a trial by jury of any or all issues." Fed. R. Civ. P. 39(b). A court should favorably receive a Rule 39(b) motion unless "there are persuasive reasons to deny." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). The Fifth Circuit lists five factors that courts should consider in the exercise of discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Daniel Int'l Corp.*, 916 F.2d at 1064.

If these factors are satisfied, the Defendants should not be penalized merely for failure to comply with the requirements of Rule 38. "Technical insistence upon imposing a penalty for default [under Rule 38] by denying a jury trial is not in the spirit of the rules." *Daniel Int'l Corp.*, 9136 F.2d at 1066.

The Bankruptcy Court may not, however, conduct a jury trial granted solely under Rule 39(b). Under Fed. R. Bankr. P. 9015(b), the Bankruptcy Court may, with the timely consent of all parties, conduct a jury trial "[i]f the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., and the bankruptcy judge has been specially designated to conduct the jury trial[.]"

First, the Court considers whether the case involves issues which are best tried to a jury. This case involves factual disputes, primarily regarding Harvey's and Miller's obligations under the UHS corporate agreement. Harvey's tortious interference and conversion claims are also fact-intensive. Although resolution of the issues will require interpretation of the UHS corporate agreement, such matters are appropriately tried to a jury. *See Daniel Int'l Corp.*, 917 F.2d at 1064 (finding, in a contract dispute case, that "[d]espite the fact that [the case] involved extensive documentation, its operative issues were well within the comprehension of a jury"); *Tissue Transplant Tech., Ltd. v. Osteotech, Inc.*, 2005 WL 2645007 (W.D. Tex. Sept. 14, 2005) (finding that the plaintiff's causes of action, including breach of contract and tortious interference, were "clearly within the province of a jury"). The first factor therefore weighs in favor of granting a jury trial.

Second, the Court considers whether granting the motion would result in disruption of the Court's schedule or Harvey's schedule. Currently, trial is scheduled for July 18, 2011 in the Bankruptcy Court. Because the Defendants are entitled to jury by right on their counterclaims, a denial of a jury on Harvey's claims would require the proceedings to be bifurcated. Either outcome may disrupt the Court's schedule, but granting a jury trial on the Plaintiff's claims would result in greater judicial efficiency. The Court therefore finds that the second factor weighs in favor of granting a jury trial.

Third, the Court considers the degree of prejudice to Harvey if the Defendants are granted a jury trial. Harvey does not identify any prejudice he will sustain if the case if tried by a jury. *See* ECF No. 24; No. 24-1. The Court therefore assumes that Harvey would not sustain any prejudice aside from the delay, already considered in the second factor. The third factor is therefore insignificant.

Fourth, the Court considers the length of the delay in having requested a jury trial. In this case, the delay was short. The Defendants filed their Original Answer, ECF No. 7, on July 22, 2010. At that time, Frank Miller was pro se. On August 6, 2010, after the Defendants obtained counsel, they filed their First Amended Answer, ECF No. 11. The First Amended Answer included a jury demand. First Am. Answer ¶ 7, ECF No. 11, at 5. The jury demand was filed only one day after the deadline, and the Court finds that the short length of the delay weighs in favor of granting a jury trial.

Fifth, the court considers the reason for the Defendants' tardiness in requesting a jury trial. The Defendants' two-week delay in requesting a jury was a result of not having counsel. The Defendants are responsible for not promptly obtaining counsel when Harvey filed suit against them, and their mistake caused the delay. It is not an abuse of discretion to deny a motion under Rule 39(b) when the failure to make a timely jury demand was the result of mere inadvertence on the part of the movant. *Farias*, 925 F.2d at 873.

However, the Defendants' failure to obtain counsel before filing their first answer was not such a grave mistake as to weigh heavily against granting a jury trial. The reason for the Defendants' tardiness weighs, at most, slightly against granting a jury trial and is not an independent basis for denying a jury. *See Carr v. Wal-Mart Stores, Inc.*, 138 F.R.D. 80, 82 (M.D. La. 1991) (finding that "the fact that counsel's failure to timely request a jury trial resulted from mere inadvertence" did not justify denial of a jury under Rule 39(b)).

The Court finds that the first, second, and fourth factors weigh in favor of granting a jury trial. The third factor is insignificant, and the fifth factor weighs slightly against granting a jury trial. On balance, the Defendants' very short delay and the greater judicial efficiency in having all claims tried together greatly outweigh the Defendants' mistake in failing to obtain counsel.

The Court therefore grants the Defendants a jury trial as any of Harvey's claims for which a jury might have been demanded.

However, the Bankruptcy Court may not try the case before a jury without the consent of the parties. Fed. R. Bankr. P. 9015(b). Additionally, although the Bankruptcy Court may try issues not triable of right by a jury, the Court may not do so without the consent of the parties. Fed. R. Civ. P. 39(c)(2). The Court therefore gives the parties 15 days to file a statement of consent to trial by jury. The parties must indicate whether they consent to the trial by jury of all issues before the Bankruptcy Court. Bifurcating the jury issues from the non-jury issues would be judicially inefficient. If all parties do not consent to trial by jury before the Bankruptcy Court, the Court will recommend that the District Court withdraw the reference.

## Conclusion

The Defendants have a right to have a jury try any counterclaims to which a jury right attaches. The Court discretionarily grants a jury trial for any of Harvey's claims to which a jury right would have attached. As to all other issues, the Court grants a jury, but the jury will serve as an advisory jury unless all parties consent. The parties have 15 days to file statements of consent or non-consent to (i) a jury trial on all issues pursuant to Rule 39(c)(2); and (ii) a jury trial in the Bankruptcy Court. If the parties do not consent to a jury trial in the Bankruptcy Court, the Court will recommend withdrawal of the reference. If the parties do not consent to a Rule 39(c)(2) jury trial, those issues not triable of right by a jury will be tried to an advisory jury and all other issues will be tried to the same jury on a non-advisory basis.

SIGNED **March 17, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE